UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

YOHENDRI LABRADOR LABRADOR,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-1493

Hon. Hala Y. Jarbou

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)[1]

---

[1] In addition to filing his § 2241 petition, Petitioner filed a motion to appoint counsel. (ECF No. 3.) There is no constitutional right to appointed counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)); *see* 18 U.S.C. § 3006A(a)(2)(B) (indicating that a federal court has the discretion to appoint counsel in a habeas proceeding where "the interests of justice so require"). At this time, the Court finds no basis for the appointment of counsel to assist Petitioner in this matter. Therefore, Petitioner's motion to appoint counsel (ECF No. 3) is denied.

In an order entered on May 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on May 13, 2026. (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 6-1, PageID.30.) Petitioner entered the United States on or about April 8, 2022, at or near Eagle Pass, Texas, without inspection. (*Id*.) Thereafter, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who entered in the United States at any time or place other than as designated by the Secretary of Homeland Security." (*Id*.; 2022 Form I-213, ECF No. 6-2, PageID.32.)

On March 10, 2025, DHS agents encountered and arrested Petitioner. (2025 Form I-213, ECF No. 6-4, PageID.54.) On September 18, 2025, the Detroit Immigration Court entered an order denying Petitioner's application for asylum and withholding of removal and ordered that Petitioner be removed to Venezuela. (2025 Order Immigration Judge, ECF No. 6-3, PageID.34–51.) Thereafter, Petitioner filed an appeal with the Board of Immigration Appeals (BIA). (*See* Mot. Withdraw, ECF No. 6-7, PageID.62.) On April 24, 2026, Petitioner moved to withdraw his appeal to the BIA. (*Id*.) On May 13, 2026, Petitioner's appeal was withdrawn. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "240725209" for the A-Number, select "Venezuela" for the Nationality, and select Submit) (last visited May 29, 2026).

2

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

The Detroit Immigration Court ordered that Petitioner be removed to Venezuela, and Petitioner withdrew his appeal of that order with the BIA. Respondents assert that once the BIA accepted Petitioner's withdrawal of his appeal, that Petitioner was subject to an administratively final order of removal and was properly detained pursuant to 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). "The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id.* § 1231(a)(1)(B)(i)–(iii). An order of removal "shall become final upon the earlier of . . . a determination by the Board of Immigration Appeals affirming such order; or . . . the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B)(i)–(ii).

Here, as noted above, Petitioner's order of removal became administratively final on May 13, 2026, when the BIA accepted Petitioner's withdrawal of his appeal. *See id*. § 1101(a)(47)(B)(i)–(ii). Furthermore, there is no indication in the record before the Court that Petitioner's removal order is the subject of judicial review, *see id*. § 1231(a)(1)(B)(ii), or that Petitioner was detained or confined for any reason other than under an immigration process after May 13, 2026, *see id*. § 1231(a)(1)(B)(iii). Therefore, Petitioner's removal period began on May 13, 2026, when the BIA accepted Petitioner's withdrawal of his appeal. *See id*. § 1231(a)(1)(B). Because the 90-day removal period following the order has not expired, Petitioner is properly detained pursuant to § 1231(a).

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated: June 5, 2026                                          /s/ Hala Y. Jarbou
                                                             HALA Y. JARBOU
                                                             CHIEF UNITED STATES DISTRICT JUDGE

4